UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br>CDCR #AB-1204,<br><br>                                    Plaintiff,<br>  vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFF MACCOMBER, Secretary; JAMES HILL, Warden; JOHN DOE, Lieutenant; JOHN DOE, Tower Officer; JOHN DOE, Chief Medical Officer,<br><br>                                   Defendants. | Case No.: 3:24-cv-01946-CAB-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

Plaintiff David Perryman, who is proceeding pro se and currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl.") Plaintiff alleges the California Department of Corrections and Rehabilitation ("CDCR"), its Secretary, RJD's Warden, and three unidentified RJD officials violated his First and Eighth Amendment rights on September 4, 2024. (*Id.* at 5–9.) Perryman has not paid the full civil filing fee

required by 28 U.S.C. § 1914(a), but instead has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (*See* ECF No. 2.) While Perryman acknowledges he has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he seeks an exception for "health reasons" and a cardiac arrest he suffered in July 2024. (*See* Compl. at 12; *see also* Pl.'s Exs., ECF Nos. 5, 7.)

For the reasons below, the Court finds Perryman fails to show he faced imminent danger of serious physical injury at the time he filed his Complaint, denies his IFP motion, and dismisses the case.

## I.   MOTION TO PROCEED IFP

### A.   Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Perryman, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or

---

[1] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

B.   Discussion

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but Perryman admits he is precluded from proceeding IFP in the past due to his "3-strikes status." (*See* Compl. at 12, *citing Perryman v. California Dep't of Corr. & Rehab*., No. 3:24-CV-1633-JO-AHG, 2024 WL 4536475, at *1 (S.D. Cal. Oct. 21, 2024) (denying IFP per 28 U.S.C. § 1915(g)) (citing *Perryman v. Lynch*, 2023 WL 5835728, at *2 (E.D. Cal. Aug. 11, 2023) (identifying Perryman's prior strikes)).

In addition to Perryman's admission, "in some instances, the district court docket records may [also] be sufficient to show that a [prisoner's] prior dismissal satisfies at least

one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances as a review of Perryman's district court dockets confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions or appeals dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Perryman's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). The following docket records in the Eastern District of California, available on PACER, are sufficient to show Perryman has had at least *six* strikes.

They are:

(1)     *Perryman v. Duffy, et al.,* Case No. 2:14-cv-02967-EFB (E.D. Cal. April 26, 2017) (Order dismissing amended complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A) [ECF No. 43]; *id.*, (E.D. Cal. June 6, 2017 Order dismissing action for failing to prosecute in compliance with Court Order requiring amendment) [ECF No. 44];[2]

(2)     *Perryman v. Duffy*, Case No. 2:15-cv-00018-DB (E.D. Cal. Oct. 4, 2016) (Order dismissing second amended complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) [ECF No. 47];

(3)     *Perryman v. Director, CDCR, et al*, Case No. 2:19-cv-02480-JAM-DB (E.D. Cal. Jan. 21, 2020) (Order and Findings and Recommendations ["F&Rs"] to dismiss complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C.

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

§ 1915A) [ECF No. 6]; *id*. (E.D. Cal. Aug. 24, 2020) (Order adopting F&Rs and dismissing civil action for failure to state a claim upon which relief can be granted) [ECF No. 16];

(4) *Perryman v. California Dep't of Corr. & Rehab, et al.*, Case No. 2:19-cv-02517-JAM-KJN (E.D. Cal. June 2, 2020) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A with leave to amend) [ECF No. 11]; *id.* (E.D. Cal. June 25, 2021) (F&Rs to dismiss civil action for failure to amend) [ECF No. 32]; *id.* (E.D. Cal. Nov. 23, 2021) (Order adopting F&Rs and dismissing civil action with prejudice) [ECF No. 40];

(5) *Perryman v. California Superior Court, Cnty of Sacramento, et al*., Case No. 2:20-cv-01506-TLN-AC (E.D. Cal. July 31, 2020) (Order and F&Rs to dismiss complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) [ECF No. 7]; *id.* (E.D. Cal. Nov. 9. 2020) (Order adopting F&Rs, dismissing complaint without leave to amend for failure to state a claim and directing clerk to close the case) [ECF No. 14]; and

(6) *Perryman v. U.S. Internal Revenue Service, et al*., Case No. 2:21-cv-00044-TLN-CKD (E.D. Cal. May 18, 2021)  (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A with leave to amend) [ECF No. 6]; *id.* (E.D. Cal. July 1, 2021) (Order and F&Rs to dismiss civil action with prejudice for failure to amend) [ECF No. 10]; *id.* (E.D. Cal. Aug. 31, 2021) (Order adopting F&Rs and dismissing civil action with prejudice) [ECF No. 13].

Thus, because Perryman accumulated these prior strike dismissals while incarcerated,  he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception.[3]  To do so, his pleadings must contain a "plausible allegation that [he]

---

[3] In fact, since accumulating these strikes, Perryman has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in both the Eastern and Southern Districts of California. *See e.g., Perryman v. California Dep't of Corr. & Rehab.,* No. 3:24-CV-1633-JO-AHG, 2024 WL 4536475, at *1 (S.D. Cal. Oct. 21, 2024) (ECF No. 2); *Perryman v. Lynch*, No. 2:21-CV-2054 AC P, 2023 WL 5835728, at *1 (E.D. Cal. Aug. 11, 2023), *report and*

1 faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493
2 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations
3 of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and
4 must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at
5 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered
6 solely by complaints of past injury or generalized fears of possible future harm."
7 *Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

8     Neither Perryman's Complaint nor his subsequently filed exhibits include plausible
9 allegations of immediate or "ongoing danger" of serious physical injury "stemming from
10 the violations of law alleged in his complaint." *Cervantes*, 493 F.3d at 1057; *Ray,* 31 F.4th
11 at 701. Instead, Perryman seeks to hold the CDCR, its Secretary, RJD's Warden, and other
12 unnamed officials liable for charging him with retaliatory disciplinary charges after he
13 suffered a cardiac arrest in either July or August 2024, and later "refus[ed] a cellmate."
14 (*See* Compl, at 5.) Plaintiff further faults unspecified RJD officials for failing to assist him
15 after he passed out on September 4, 2024 in front of an RJD program office, and he attaches
16 as exhibits a series of medical records dating from 2010 to July 2024 chronicling a long
17 history of chest pain, coronary artery disease, hypertension and treatment for those and
18 other ailments. (*See* ECF No. 7.) But nothing in Perryman's Complaint or his exhibits
19 plausibly shows he faced imminent danger of serious physical injury at the time he filed
20 his Complaint in this case, and § 1915(g)'s "imminence prong of the three-strikes
21 exception" cannot be triggered merely by reference to past injury or emotional distress.
22 *Cervantes*, 493 F.3d at 1053, 1057; *see also Jones v. Messler*, No. 3:22-CV-01480-JO-
23 KSC, 2023 WL 362503, at *2 (S.D. Cal. Jan. 23, 2023) (finding no imminent danger where
24 prisoner's allegations and the medical records he attached to his Complaint "show[ed] no

---

27 *recommendation adopted*, 2023 WL 6392788 (E.D. Cal. Oct. 2, 2023); and *Perryman v.*
28 *Lynch*, No. 2:22-CV-1636 AC P, 2022 WL 4473394, at *1 (E.D. Cal. Sept. 26, 2022) [ECF No. 5].

more than that he suffer[ed] from various chronic health conditions and that he disagree[d] with the course of treatment for those conditions."); *Winston v. Warden of USP-Atwater*, 2024 WL 4347514, at *3 (E.D. Cal. Sept. 30, 2024) ("[E]motional distress and mental anguish … are insufficient to qualify as posing an imminent danger of serious physical harm."). Nor may § 1915(g)'s limited safety valve exception be invoked in cases of alleged retaliation for a prisoner's persistent grievance-filing. *Ray*, 31 F.4th at 701; *see e.g., Finley v. Silva*, 2011 WL 4529669, at *2 (S.D. Cal. Sept. 28, 2011) (finding "various acts of retaliation and conspiracy on the part of [prison] officials" insufficient to meet § 1915(g)'s imminent danger exception); *Gonzales v. Castro*, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation and "interference with litigation" insufficient to "constitute a real danger . . . or even an ongoing threat" of "serious physical injury" under § 1915(g)).

For these reasons, the Court finds Perryman is not entitled to proceed IFP in this case. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").  "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139.

## II.  CONCLUSION

Accordingly, the Court: (1) **DENIES** Perryman's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without prejudice based on Perryman's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  December 16, 2024

Hon. Cathy Ann Bencivengo
United States District Judge